PABLO VERA SOTO ET AL., Plaintiffs and Appellants, *v.* THE PORTO RICO COAL COMPANY, Defendant and Appellee.

No. 11552. Argued November 9, 1955.—Decided March 6, 1956.

*Guillermo Bauzá* for appellants. *Charles R. Hartzell, Rafael O. Fernández, P. Juvenal Rosa, José L. Novas, Vicente M. Ydrach* and *Jaime Pieras, Jr.* for appellee.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

The plaintiffs, a number of dockworkers, sued The Porto Rico Coal Co. in the former district court for allegedly unpaid wages. The case is here on appeal from the judgment of the trial court dismissing the complaint.

On August 10, 1948 a collective bargaining agreement was executed by certain unions and several shipping com-

panies, including the defendant. It provided, among other things, for an increase in pay for the employees of the companies of 10¢ per hour, retroactive to January 1, 1948. However, Clause IV of the agreement reads as follows: "The payment of retroactive wages, as provided for herein, shall be restricted to the hours worked for the account of the Companies specified herein and no retroactive wages shall be paid for the hours worked for the account of Companies not specified herein, unless the retroactive wages can be recovered by the Companies specified herein from the Companies on whose account the work was performed."

The defendant filed a "motion to dismiss", supported by affidavits which the plaintiff did not controvert. These affidavits show that the work involved herein was performed for consignees of freight under agreements calling for the charge of a specified rate per ton of cargo; that these agreements did not reserve the right to increase the rate if costs of operation increased; and that the consignees refused to pay any additional amount therefor for 1948. The trial court overruled the "motion to dismiss", which was in effect a motion for summary judgment. Thereafter the defendant filed an answer and the case was set for trial. Prior to the trial and pursuant to a stipulation of the parties, the trial court passed first on the contention of the defendant that under the aforesaid facts the defendant was not liable. The trial court agreed with this contention and judgment was entered for the defendant.

We agree with the trial court that, by virtue of Clause IV, the defendant is not liable under the peculiar circumstances of this case. The stipulation, the affidavits, and answers to interrogatories in the record show without contradiction that the work herein was done by the defendant for the account of specified consignees under an arrangement whereby the latter would pay a specified rate per ton of cargo. This was precisely the situation envisaged by Clause IV

under which payment of retroactive wages under these circumstances was not required, unless the consignees, who were not parties to the collective agreement, would reimburse the employers for such retroactive wages on past transactions. Since the record shows that the consignees refused to make such payments, the trial court did not err in holding that the defendant was not responsible for the retroactive wages claimed in this suit.

The judgment of the Superior Court will be affirmed.

Mr. Justice Belaval did not participate herein.